## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOS PADRES FORESTWATCH,<br>16 W Mission St, Suite V, Santa<br>Barbara, CA 93101 | ) )<br>) )<br>)<br>) | CIV 18-579 |
| Plaintiff,<br>v.<br>OFFICE OF THE SECRETARY,<br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR, 1849 C St., NW,<br>Washington, D.C., 20240.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. The Defendant Office of the Secretary, United States Department of the

Interior has violated the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), by

unlawfully failing to timely issue a determination in response to a records and fee

waiver request by Plaintiff Los Padres ForestWatch, regarding management

changes the Carrizo Plain National Monument in California.  This lawsuit requests

an order declaring that the agency has violated FOIA, and enjoining the agency to

issue a determination and provide Plaintiff with the records it has requested.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. §

552(a)(4)(B).

3. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

### III. PARTIES

4. Plaintiff LOS PADRES FORESTWATCH is a non-profit, 501(c)(3) organization that supports and promotes environmentally responsible management of public lands throughout California's central coast region. A particular focus of the outreach and public education efforts of the organization concerns monitoring changes to management of federal public lands, including the Carrizo Plain National Monument. The requested documents at issue here would provide a comprehensive view of the public's participation in the Department's national monument review as it relates to the Carrizo Plain National Monument. The requested documents will also aid the organizations' understanding of Interior Secretary Ryan Zinke's decision regarding the Carrizo Plain National Monument so that it may better communicate with the general public about recommended changes to the monument.

5. Defendant OFFICE OF THE SECRETARY, UNITED STATES DEPARTMENT OF THE INTERIOR is a federal agency.  The Office of the Secretary is responsible for responding to FOIA requests submitted to it, and so is sued as a Defendant in this action.

6. The Defendant's violations of law have denied Plaintiff the information to which it is entitled, and Plaintiff and its members are injured by its inability to protect the Carrizo Plain National Monument, and by the deprivation of

government information to which they are entitled.

## IV. FACTS AND LAW

7. On August 24, 2017, Plaintiff mailed and emailed a FOIA request to the Interior's Office of the Secretary, requesting records relating to the Secretary of Interior's recommendations regarding changes to national monuments, including the Carrizo Plain National Monument.  It also requested a public-interest waiver of any fees related to the request, explaining why Plaintiff is entitled to such a fee waiver for its records request.

8. On September 12, 2017, the agency acknowledged that it received the request on August 25, 2107.  The agency also stated: "Because we will need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request, we are taking a 10-workday extension under 43 C.F.R. § 2.19. For the same reason, we are placing your request under the "Complex" processing track. *See* 43 C.F.R. § 2.15." "The use of multitrack processing does not alter the statutory deadline for a bureau to determine whether to comply with [a] FOIA request." 43 C.F.R. § 2.15(f).

9. FOIA requires an agency to issue a determination on a FOIA request within 20 working days, and to make requested records "promptly available."  5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).  Accordingly, even with the 10-day extension claimed by the agency, its determination was due October 10, 2017.

10. When on December 21, 2017 Plaintiff had not received a determination or any records, it sent an email to the agency inquiring as to when it could expect a

response.  On December 22, 2017, the agency responded, stating that "unfortunately, we are unable to provide a timeline."

11. When on February 26, 2018, Plaintiff had still not received any further communication, it sent a letter inquiring to the agency again, indicating that it would need to file suit if the determination and records were not provided.  The agency responded on March 7, 2018, failing to provide an estimated completion date for Plaintiff's FOIA request.  The agency did provide the links for three web sites where the agency "believe[d] some of the responsive records … are publicly available."

12. Plaintiff sent a final email to the agency on March 12, 2018, stating that the March 7 response "does not adequately address our request for an estimated production date for the requested records. Additionally, the links provided in your agency's response do not provide the records we requested in our original letter submitted on August 25, 2017."

### V. CLAIM FOR RELIEF

13. The above paragraphs are incorporated here by reference.

14. FOIA states that "[e]ach agency, upon a request for records . . . shall—(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . .." 5 U.S.C. § 552(a)(6)(A).  Further, each agency "shall make the records promptly available" to the requester.  5 U.S.C. § 552(a)(3)(A).

15. The Office of the Secretary has failed to issue such a determination on Plaintiff's records and fee waiver request, or provided any documents to Plaintiff, and so has violated FOIA.

## VI. REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Declare that Defendant violated FOIA by failing to issue a determination on Plaintiff's records and fee waiver request within FOIA's deadline, and by failing to produce any records;

2. Direct by injunction that Defendant immediately issue a determination on Plaintiff's records and fee waiver request and provide the Plaintiff with the records it has requested;

3. Grant the Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

4. Provide such other relief as the Court deems just and proper.

/ / /

RESPECTFULLY SUBMITTED March 15, 2018.


    /s/Matt Kenna

Matt Kenna, D. D.C. Bar # CO0028
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 749-9149
matt@kenna.net

René P. Voss, CA Bar No. 255758
Natural Resources Law
15 Alderney Road
San Anselmo, CA  94960
(415) 446-9027
renepvoss@gmail.com
Applicant *Pro Hac Vice*

Attorneys for Plaintiff